IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| EDWARD BESS, SR., ) | |
| ) | |
| Petitioner, ) | CIVIL ACTION NO.: CV207-002 |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | (Case No.: CR204-36) |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Edward Bess, Sr. ("Bess"), filed a Motion to Set Aside, Vacate, or Correct his Sentence pursuant to 28 U.S.C. § 2255. The Government has filed a Response. For the reasons which follow, Bess' Motion should be **DENIED**.

## STATEMENT OF THE CASE

Bess was indicted in the Southern District of Georgia on one count of possession of a firearm by a convicted felon, armed career criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). This Court appointed I. Cain Smith ("Smith") to represent Bess. Bess pleaded guilty to the charged offense pursuant to a negotiated plea agreement, and the United States Probation Office prepared a Pre-Sentence Investigation Report ("PSI"). Bess' PSI revealed his total offense level to be 30, which included a three level reduction for acceptance of responsibility, and a criminal history category of VI. Over Bess' objections to the PSI, the Court adopted the position of the Probation Office. Bess faced a sentence range of 180 to 210 months' imprisonment and was sentenced

AO 72A
(Rev. 8/82)

to 180 months' imprisonment. Bess filed an appeal, and the Eleventh Circuit Court of Appeals affirmed Bess' conviction and sentence. (Doc. No. 44.)

In the instant petition, Bess asserts that he received ineffective assistance of counsel. Bess contends his conviction was obtained due to a "coerced confession" because he pleaded guilty based on Smith telling him he could receive 25 years to life in prison if he did not plead guilty. Bess also contends Smith practices real estate law and not criminal law, which caused "considerable damage to [his] liberty intrust." (Mot., p. 5.) Bess asserts Smith failed to raise pertinent issues on appeal[1] regarding his criminal history and the extreme sentence he received. Finally, Bess alleges his criminal history was used against him to enhance his sentence, in violation of the protection against double jeopardy.

The Government asserts the claims Bess raises in his current section 2255 motion were available to be raised on direct appeal, and these claims are procedurally defaulted, absent a showing of cause and prejudice. The Government alleges Bess attempts to overcome this procedural default by claiming his counsel was ineffective. The Government also alleges that, even if Bess could show cause to satisfy the first prong of this standard, he cannot show he was prejudiced by his counsel's alleged ineffective assistance.

---

[1] The Eleventh Circuit allowed Smith to withdraw from Bess' case on appeal, and the court then appointed John Ossick, Jr. ("Ossick"), to represent Bess on appeal. Ossick filed a brief based on Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), stating there were no "arguable issues of merit" to raise on appeal. (Doc. No. 44, p. 3.) It appears Bess does not assert his appellate counsel (Ossick) rendered ineffective assistance, but that Smith, due to his lack of criminal defense experience, was ineffective at the trial and appellate levels.

# DISCUSSION AND CITATION TO AUTHORITY

I.  **Ineffective Assistance of Counsel Claims.**

A section 2255 petition cannot be a substitute for a direct appeal; therefore, a petitioner is procedurally defaulted from seeking habeas relief on claims that he could have raised on direct appeal. Reed v. Farley, 512 U.S. 339, 354, 114 S. Ct. 2291, 2300, 129 L. Ed. 2d 277 (1994). If a petitioner has not raised an available issue on direct appeal, he has waived his right to assert these issues in a later proceeding. This procedural default can be overcome by showing "cause" for the waiver of a claim on direct appeal and "actual prejudice resulting from the alleged error." Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004) (citing Bousley v. United States, 523 U.S. 614, 622, 118 S. Ct. 1604, 1611, 140 L. Ed. 2d 828 (1998)). A defendant's showing that his attorney's performance was "constitutionally ineffective" can overcome the cause and prejudice standard applicable to a procedurally defaulted claim. See Jimenez v. Fla. Dep't of Corr., 481 F.3d 1337, 1344 (11th Cir. 2007).

A claim that a defendant did not receive effective assistance of counsel involves the right to counsel, which guarantees not only assistance, but effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 2063, 80 L. Ed. 2d 674 (1984). The "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." Id. at 686, 104 S. Ct. at 2064. To be successful on an ineffective assistance of counsel claim, the defendant must satisfy a two-part test: (1) his counsel's performance was

deficient, falling "below an objective standard of reasonableness"; and (2) the deficient performance prejudiced his defense so badly that there is a reasonable probability that it impacted the result. Id. at 687-88, 104 S. Ct. at 2064; Quince v. Crosby, 360 F.3d 1259, 1265 (11th Cir. 2004). Courts must "indulge [the] strong presumption" that counsel's performance was reasonable and that counsel "made all significant decisions in the exercise of reasonable professional judgment." Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000).

### A. Bess' Alleged Coerced Confession Claim.

Bess asserts his conviction was obtained by use of a coerced confession. Specifically, Bess avers he pleaded guilty "out of fear" because Smith told him he could get 25 years to life in prison if he did not plead guilty. (Mem., p. 2.)

Rule 11 of the Federal Rules of Criminal Procedure provides that a defendant may be placed under oath and addressed by the court before the court accepts a guilty plea. The court must inform the defendant and ensure he understands, in pertinent part, the: right to a jury trial; right to be represented by counsel; right to confront and cross-examine adverse witnesses and to compel the attendance of witnesses; waiver of trial rights if the defendant pleads guilty; nature of the charge(s) to which the defendant is pleading guilty; mandatory minimum penalty, if any; and maximum possible penalty. FED. R. CRIM. P. 11(b); see also United States v. Lejarde-Rada, 319 F.3d 1288, 189 (11th Cir. 2003) ("When a district court accepts a guilty plea, it must ensure that . . . : (1) the guilty plea [is] free from coercion; (2) the defendant . . . understand[s] the nature of the charges; and (3) the defendant . . . know[s] and understand[s] the consequences of his guilty plea.").

At Bess' Rule 11 hearing, the Honorable Anthony A. Alaimo addressed Bess:

THE COURT: Well, I understand that you desire to change your plea to this Indictment which charges you with possession of a firearm by a convicted felon which is an armed career criminal to one of guilty; is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: Before I can accept your plea, I want to be sure that you understand completely what is going on here this morning. This charge, this Indictment, charges in Count One, which is the count to which you are pleading guilty, that on or about August the 10th of 2004 here in Glynn County, within this district, that you[,] who at that time had been convicted of felonies, which were offenses punishable by imprisonment for more than one year, . . . . that you did knowingly possess in and affecting interstate commerce a firearm—that is a [Rohm] model 66 .22 caliber revolver, serial number 1C161833, which before that time, had been transported in interstate or foreign commerce in violation of the law. Now[,] do you understand that charge?

THE DEFENDANT: Yes, sir.

THE COURT: If you went to trial – and you have an absolute right to a jury trial. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Of course, when you plead guilty, you give up that right. But in any event, if you went to trial before a jury, the Government would have to show that you knowingly possessed this gun that they have described in the Indictment. And they would have to show that the gun had been transported in interstate commerce—in other words, it may be manufactured in a state other than Georgia—and that you had this gun in your possession after being previously convicted of three or more felony crimes of violence or drug distribution. And again, if you went to trial, they would have to show these facts by proper evidence which would convince a jury beyond a reasonable doubt that you, in fact, committed these crimes.

THE DEFENDANT: Your Honor, I admit the gun was in the trunk of my car. I admit to that.

THE COURT: Well, now[,] throughout these proceedings against you . . . in this case, you are entitled to the assistance of competent counsel, such as you have there. Do you understand that?

THE DEFENDANT: Yes, sir.

. . . .

THE COURT: When you plead guilty, of course, you give up a number of very valuable constitutional rights. You give up, of course, your right to a jury trial or to a trial of any kind because in this kind of proceeding, usually after I hear from you as to what you did and after I hear from the Government as to what they can show, I generally find that person guilty. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: You are also giving up your right to compel the Government over there to call its witnesses against you here in open court where you could confront them and have your attorney cross-examine them to see whether they are telling the truth about you. You give up your right to call your own witnesses and require their presence here[,] if you had any. You give up your right not to incriminate yourself because, obviously, when you tell me you are guilty, you have given up any defense whatever (sic) to the case. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: And you are giving up your right, of course, to remain silent and not have that silence held against you in any way. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Is it your own personal choice to do this—that is, to plead guilty?

THE DEFENDANT: Yes, sir.

THE COURT: Is anybody forcing you to plead guilty in any way?

THE DEFENDANT: No, sir.

| THE COURT: | Has anybody promised you anything to get you to plead guilty? |
| --- | --- |
| THE DEFENDANT: | No, sir. |

(Rule 11 Tr., pp. 3, 6-7, 9.) After the Government presented its witness to establish the factual basis for Bess' plea, Judge Alaimo advised Bess that the maximum punishment for the offense was a term of imprisonment not less that fifteen years nor more than life imprisonment, and Bess stated he still wished to plead guilty. (Rule 11 Tr., p. 13.) Judge Alaimo then questioned Smith and Bess.

| THE COURT: | Do you have any reason to doubt that this plea is freely and voluntarily made by Mr. Bess and that he knows what the effect of his plea is? |
| --- | --- |
| MR. SMITH: | Yes, Your Honor, I believe he knows the effect, and I believe he is making this plea on his own accord. |

. . . .

| THE COURT: | And you said that you have no doubt that what he has said in his plea is correct? |
| --- | --- |
| MR. SMITH: | No, Your Honor, I believe it is of his own will. |
| THE COURT: | And it is freely and voluntarily made? |
| MR. SMITH: | Yes, Your Honor. |
| THE COURT: | Has any other promise been made to you other than what was contained in this plea agreement that I just described[?] |
| THE DEFENDANT: | No, sir[.] |
| THE COURT: | Well, I find that there is an ample factual basis for the plea[,] and it is freely and voluntarily made with a full appreciation of what may happen to him as a result of it. |

(Rule 11 Tr., pp. 14, 16.)

The record before this Court belies Bess' allegation that he entered a guilty plea because his counsel coerced him to do so. To the contrary, the record reveals that

Bess pleaded guilty after being fully informed of the nature of the charges he faced and the rights he was waiving by pleading guilty. The record also reveals that Bess entered into his plea of guilty without any coercion on the part of his trial counsel, Mr. Smith. Bess was under oath when he answered the questions presented by Judge Alaimo. Bess cannot now set forth allegations which are clearly contradicted by his sworn statements made in open court. See Blackledge v. Allison, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629, 52 L. Ed. 2d 136 (1977) (reasoning that solemn declarations made in open court carry a strong presumption of veracity such that the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal).

Even if the Court were to accept Bess' contention that he pleaded guilty because Smith told him he faced at least 25 years' imprisonment if he proceeded to trial, Bess is not entitled to his requested relief. Bess was sentenced pursuant to the Armed Career Criminal Act, which carries a statutory minimum of 15 years' imprisonment and a maximum of life imprisonment. 18 U.S.C. § 924(e)(1). Additionally, if Bess had gone to trial and been convicted, he would have faced a sentence range of 235 to 293 months' imprisonment rather than the 180 to 210 months' imprisonment he faced by pleading guilty. See U.S.S.G. § 4B1.4. In fact, Judge Alaimo reminded Bess of the statutory penalties during the Rule 11 hearing. (Rule 11 Tr., p. 15.) Bess received a three level reduction for his acceptance of responsibility, pursuant to United States Sentencing Guidelines § 3E1.1, because he agreed to plead guilty. Bess cannot show he was prejudiced as a result of Smith's alleged representation of the statutory penalty Bess faced if he had not pled guilty.

### B. Bess' Claim that having a Real Estate Attorney Represent him Harmed his Case.

Bess asserts that Smith is a real estate attorney who never handled a criminal case prior to his representation of Bess. Bess contends Smith did not file any pre-trial motions, failed to interview witnesses, did not challenge the legality of the search of his vehicle, and did not attempt to determine whether his fingerprints were on the firearm to show he possessed the gun. (Mem., p. 3.) Bess asserts that Smith's lack of experience in handling criminal cases caused harm to his case.

Bess only offers bare assertions, which are unsupported by any facts or laws, as the basis of his contention that his court-appointed attorney was ineffective because he practices real estate law. This is insufficient to obtain relief under § 2255. See Caderno v. United States, 256 F.3d 1213, 1217 (11th Cir. 2001) (noting that habeas relief is not warranted when claims are merely conclusory allegations unsupported by specifics); see also United States v. Yizar, 956 F.2d 230, 234 (11th Cir. 1992) (stating that a petitioner must set forth sufficient allegations to demonstrate that he is entitled to his requested relief).

Assuming, *arguendo*, that Bess' contentions under this enumeration of ineffective assistance of counsel were supported by facts and law, Bess cannot show he was prejudiced as a result of Smith's purported inexperience. The record reveals police conducted an inventory search of Bess' vehicle after he was arrested lawfully, and police discovered the firearm in the trunk of Bess' vehicle. Bess does not challenge his arrest, and inventory searches conducted after a lawful arrest are permissible without a showing of probable cause. See United States v. Pineda, 165 Fed. Appx. 772, 776-77

(11th Cir. 2006) (noting inventory searches conducted after an individual is taken into police custody is a permissible caretaking function). Moreover, Bess' "actual possession" assertion is unavailing. Actual possession of the firearm is not required, as the Government can establish constructive possession by showing "ownership, dominion, or control over" an item. See United States v. Glover, 431 F.3d 744, 748 (11th Cir. 2005). Bess admitted someone else put the firearm in the trunk of his car and that the firearm was in the trunk, (Rule 11 Tr., pp. 7, 9-10), which would explain why his fingerprints would not have been on the firearm. Bess has failed to establish that Smith's supposed lack of experience in handling criminal cases caused him any prejudice.

### C. Bess' Claim Regarding Double Jeopardy.

Bess asserts his criminal history was used to enhance his sentence, "without any consideration being given to the true nature of past offenses, and how old these charges [were]." (Mot., p. 6.) Bess also asserts he was not convicted of some of the offenses which the Court attributed to him.[2]

Bess admitted to being "previously convicted of three previous convictions for violent felonies or drug distribution" in his plea agreement (CR204-36, Doc. No. 23, p. 4) and during his Rule 11 hearing before Judge Alaimo. (Rule 11 Tr., pp. 6, 13.) Additionally, the Probation Office prepared Bess' PSI after the Rule 11 hearing, and the PSI details Bess' extensive criminal history. The only written objections to the PSI Bess made were to the Probation Officer's inclusion of Bess' possible possession of a small quantity of alleged cocaine in paragraph 5 and that he should be entitled to a downward

---

[2] What Bess has enumerated in his Motion as examples 3 and 4 of Smith's ineffective assistance appear to be the same argument (or at least detailed by the same set of facts). Accordingly, the undersigned will discuss these two enumerations together.

departure based on his acceptance of responsibility and his medical condition. (Addendum to PSI.) Although Bess did voice objections to Judge Alaimo during the first part of his sentencing hearing regarding some of the things contained in his PSI, Bess admitted to pleading guilty to the offenses he claims were inaccurately attributed to him. (CR204-36, Doc. No. 36, pp. 4-5.) Bess objected to the inclusion of a probation revocation charge included in his PSI during the second portion of his sentencing; however, Judge Alaimo rejected his argument. Because Bess had no other objections to the PSI, Judge Alaimo adopted the facts outlined in the PSI as the findings of fact by the Court. (CR204-36, Doc. No. 35, p. 9.) The findings of fact were properly considered in determining Bess' sentence pursuant to the Armed Career Criminal Act. See United States v. Bennett, 472 F.3d 825, 832 (11th Cir. 2006) (stating that a sentencing court's findings of fact may be based on statements contained in the defendant's PSI).

Finally, Bess' contention that the Court failed to consider the nature and age of his prior convictions is without merit. All prior burglary convictions, even commercial burglaries, can be considered when imposing a sentence upon a defendant pursuant to the Armed Career Criminal Act. Taylor v. United States, 495 U.S. 575, 599, 110 S. Ct. 2143, 2158, 109 L. Ed. 2d 607 (1990) (concluding that a person convicted of burglary for purposes of a § 924 enhancement if he is convicted of being in a building or structure unlawfully with the intent to commit a crime). Moreover, the Armed Career Criminal Act applies regardless of the age of a defendant's prior convictions. United States v. Green, 904 F.2d 654, 655 (11th Cir. 1990).

AO 72A
(Rev. 8/82)

11

In sum, Bess cannot show that Smith's assistance was "constitutionally ineffective" to overcome his procedurally defaulted claims.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Bess' Motion to Vacate, Set Aside, or Correct his Sentence (Doc. No. 1), filed pursuant to 28 U.S.C. § 2255, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 17th day of June, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE